ABRAHAM GAMMELL, plaintiff in error, *vs.* R. B. GUNBY & COMPANY, defendants in error.

Where a merchant, whose business was to buy and sell to meet the wants of customers, sold guano to a farmer as a fertilizer, he impliedly warranted that the article was merchantable and reasonably suited to the use designed.

Warranty. Before Judge JAMES JOHNSON. Muscogee Superior Court. November Term, 1873.

For the facts of this case, see the decision.

M. H. BLANDFORD, by H. L. BENNING, for plaintiff in error.

L. F. GARRARD, by J. M. RUSSELL, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendant on a promissory note for $143 37, dated 1st June, 1870, due five months after date. The defendant pleaded that the note was given to the plaintiffs for guano, or a fertilizer known as "Wilcox's Superphosphate," which was worthless as a fertilizer, and not merchantable, nor reasonably suited for the purposes intended, etc. The evidence on the trial as to the quality of the article sold as a fertilizer, was *conflicting*. The jury, under the charge of the court, found a verdict for the plaintiffs for the amount of the note with interest. The court, after charging the jury substantially the law as embodied in the 2651st section of the Code, in regard to the implied warranty of vendors, that the article sold was merchantable, and reasonably suited to the use intended, further charged the jury, "that if the transaction (to-wit,) the sale of the guano, was made by a merchant whose business it was to buy and sell to meet the wants of purchasers, and if the purchaser was a farmer, and it was bought by him as a fertilizer, such a transaction, the parties standing in such relation to each other, ex-

cludes the idea that the vendor by the sale warranted the article to be merchantable and reasonably suited to the uses designed. This latter part of the charge was error, because it neutralized and destroyed the legal effect of the charge already given to the jury as to the implied warranty of the vendors of the guano. The law does not contemplate any such qualification to the vendors' implied warranty as to the quality of the article sold, as stated by the court in its charge. Nor does the fact that the purchaser of the guano was a farmer exclude the idea that the vendors, by the sale of the guano to him, did not impliedly, as the law declares, warrant it to be merchantable and reasonably suited to the use intended. As a general rule, it is farmers who purchase fertilizers, and it is that class of purchasers who especially need the protection of the law.

Let the judgment of the court below be reversed.